# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEEVERN JOHNSON,<br><br>Defendant. | No. CR05-4063-LRR<br><br>**ORDER REGARDING REMAND TO RECONSIDER THE DENIAL OF A FURTHER SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

_____

This matter comes before the court on the Eighth Circuit Court of Appeals's March 5, 2014 remand to reconsider the denial of a further sentence reduction under 18 U.S.C. § 3582(c)(2) (docket no. 216) and the Eighth Circuit Court of Appeals's March 5, 2014 mandate (docket no. 217).

Previously, the court granted a reduction in the defendant's term of imprisonment. Specifically, on December 15, 2008, the court reduced the 235 month term of imprisonment imposed on count 1 and count 3 of the superseding indictment to 188 months imprisonment. On March 20, 2012, the court sua sponte reviewed the defendant's sentence in light of Amendment 750 (Parts A and C only) and concluded that a further reduction of the defendant's sentence was not warranted because Amendment 750 (Parts A and C only) did not have the effect of lowering the defendant's applicable guideline range. The defendant appealed such order, and the Eighth Circuit Court of Appeals summarily affirmed the court. On July 22, 2013, the defendant filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2). On July 23, 2013, the court denied such motion after reviewing, among other things, the statement of reasons and concluding that it had held the defendant responsible for 320.86 grams of crack. The sentencing

transcript, however, indicates that the court did not adopt the pre-sentence investigation report without change. Rather, the sentencing transcript indicates that the court declined to consider the additional drug quantities identified in the pre-sentence investigation report because the defendant stipulated to 179.11 grams of crack at the time of sentencing and such quantity fell within base offense level 34 of USSG §2D1.1, that is, at least 150 grams but less than 500 grams of crack.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

Amendment 750 (Parts A and C only) amends USSG §1B1.10. On June 30, 2011, the Sentencing Commission unanimously voted to apply Amendment 750 (Parts A and C only) retroactively to cocaine base ("crack") offenses, and it set November 1, 2011 as the date that Amendment 750 (Parts A and C only) could be applied retroactively. Part A amended the Drug Quantity Table in USSG §2D1.1 for crack offenses and made related revisions to Application Note 10 to USSG §2D1.1. Part C deleted the cross reference in USSG §2D2.1(b) under which an offender who possessed more than 5 grams of crack was sentenced under USSG §2D1.1.

USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range . . ."). The Sentencing Commission included Amendment 750 (Parts A and C only) within subsection (c). USSG §1B1.10(c). Consequently, under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court may rely on Amendment 750 (Parts A and C only).

At the court's request, the United States Probation Office prepared a memorandum that, among other things, addresses the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2). The court also relied on additional information, which includes, but is not limited to, the defendant's pre-sentence investigation report and the Bureau of Prison's report on the defendant.[1]

Pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court concludes that the defendant is entitled to a sentence reduction. *See United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th

---

[1] In light of the record, the court concludes that it need not appoint counsel or conduct a hearing. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. The defendant's previously imposed 235 month term of imprisonment, as reflected in the judgment dated May 17, 2006, is reduced to 121 months imprisonment.[2] The defendant's new 121 month term of imprisonment only applies to count 1 and count 3 of the superseding indictment.[3] The defendant's total term is 181 months imprisonment. Except as provided above, all provisions of the judgment dated May 17, 2006 remain in effect. The duration and conditions of the defendant's supervised release remain unchanged.

---

[2] For purposes of the instant order, the court relied on the following determinations:

| Previous Offense Level: | 36 | Amended Offense Level: | 30 |
|---|---|---|---|
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 235 to 293 months imprisonment (count 1 and count 3); 60 consecutive months imprisonment (count 2) | Amended Guideline Range: | 121 to 151 months imprisonment (count 1 and count 3); 60 consecutive months imprisonment (count 2) |

The reduced sentence of 121 months imprisonment on count 1 and count 3 of the superseding indictment is within the amended guideline range.

[3] The statutory maximum for count 3, possession of a firearm after a conviction for domestic violence, is ten years. The court, however, lacks the authority to impose a sentence on count 3 that is less than 121 months imprisonment. Despite the fact that the sentence on count 3 should have been 120 months imprisonment, the impact on the defendant is minimal in light of the concurrent sentence of 121 months imprisonment that the court imposed on count 1.

Because a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is warranted, the defendant's motion to reduce sentence (docket no. 208) is granted. The clerk's office is directed to send and fax a copy of this order to the Bureau of Prisons, that is, the place where the defendant, USM No. 03094-029, is currently incarcerated. The clerk's office is also directed to send a copy of this order to the office of the Federal Public Defender and the office of the United States Probation.

**IT IS SO ORDERED.**

**DATED** this 1st day of April, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA